**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEUTSCHE BANK NATIONAL TRUST COMPANY,**

      **Plaintiff,**

-vs-                                                          Case No. 6:10-cv-1454-Orl-31GJK

**MOLLY S WHITE and RALPH N. WHITE,**

      **Defendants.**
_____/

# ORDER

This matter comes before the Court on the response (Doc. 26) to this Court's Order to Show Cause (Doc. 23), requiring the Defendants to show why this case should not be remanded back to state court.

The Plaintiff, Deutsche Bank National Trust Company ("Deutsche Bank"), filed this case on May 7, 2008. (Doc. 4 at 1). In Count I of its Complaint, Deutsche Bank sought to re-establish a lost promissory note. (Doc. 4 at 3-4). In Count II, Deutsche Bank sought to foreclose a mortgage on property owned by the Defendants, Molly White and Ralph White (the "Whites"), in Volusia County. (Doc. 4 at 4-7). No federal claims appeared on the face of the complaint.

On May 29, 2008, the Whites filed an answer, affirmative defenses and counterclaims, which included claims under both state and federal law. On January 23, 2009, the Whites removed the case to this Court. *See* Case No. 6:09-cv-156-GKS-GJK. Deutsche Bank sought remand on the grounds that the removal had occurred outside the thirty-day period set by 28 U.S.C. § 1446(b) and was therefore untimely. In response, among other things, the Whites argued

that the state court lacked jurisdiction over their federal claims. On February 25, 2009, the Honorable G. Kendall Sharp rejected the jurisdictional argument and granted the motion to remand on the grounds that the removal was untimely.

On September 30, 2010, the Whites again removed this case. In the Notice of Removal, the Whites asserted that the case was being removed as a result of the September 1 filing, by the Plaintiff, of a copy of the allegedly lost promissory note. (Doc. 1 at 4). The Whites failed to offer any explanation as to how this filing created federal question jurisdiction over the state-law claims asserted by the Plaintiff.

In the response, the Whites now argue that Deutsche Bank is a "wholly or partly owned subsidiary of Deutsche Bank, Germany and organized under the laws of the United States as a financial holding company for purposes of the Bank Holding Company Act." (Doc. 26 at 2). According to the Whites, Deutsche Bank's participation in this suit gives rise to a federal question pursuant to 12 U.S.C. § 632, which provides in pertinent part:

> Notwithstanding any other provision of law, **all suits of a civil nature** at common law or in equity to which any corporation organized under the laws of the United States shall be a party, **arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations . . . shall be deemed to arise under the laws of the United States** . . . and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632 (emphasis added). But the transaction in this case was a simple domestic home mortgage. There is no showing that it involved "international or foreign banking" or "international or foreign financial operations," even given the fact that the Plaintiff is a subsidiary of a German

bank. Accordingly, this suit does not give rise to a federal question, and this Court lacks subject matter jurisdiction over it.[1]  Accordingly, it is hereby

**ORDERED** that this case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida.  The Order to Show Cause is **DISCHARGED**, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 5, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] The Whites also argue that jurisdiction exists under several other provisions of the United States Code.  After reviewing them, the Court finds that those arguments do not merit discussion.